WILLIAM RITTMAN v. STATE.

No. A-4463.	Opinion Filed May 13, 1924.

(225 Pac. 988.)

(Syllabus.)

1.	Appeal and Error—Affirmance—Absence of Briefs and Argument. In a criminal case where the defendant appeals from a judgment

of conviction and no briefs are filed or argument presented, this court will make an examination of the case-made, and if no error is apparent will affirm the judgment.

2. **Intoxicating Liquors—Evidence Sustaining Conviction for Sale.** In a prosecution for selling intoxicating liquors, evidence held to sustain verdict and judgment of conviction.

Appeal from County Court, Comanche County; P. G. Fullerton, Judge.

William Rittman was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

M. T. Perkins, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. In the information in this case William Rittman was charged with selling whisky to one Sergeant Charles Hill. The trial jury returned a verdict finding him guilty and fixing his punishment at confinement in the county jail for 60 days and a fine of $100. He has appealed from the judgment rendered upon such conviction.

The errors assigned question the sufficiency of the evidence to support the conviction.

Appellant is not represented by counsel in this court, and no brief in support of the assignments of error has been filed.

The complaining witness, Charles Hill, testified:

"I met the defendant on the street, and he wanted to know if I wanted to buy some whisky; I said, 'Sure;' then we went down to Fourth street in Lawton, and I paid him $25 for a jar of red whisky; I went up to the rooming house and when I took a drink it tasted funny; I called the sheriff and turned the whisky over to him; I had not been drinking before and I did not take more than two drinks of this whisky."

John Eastman testified:

"I was with Sergeant Charles Hill on the night of the day alleged. He had a fruit jar full of whisky; I took two drinks and went to sleep, and did not wake up until the next morning."

As a witness in his own behalf William Rittman testified:

"I met Charles Hill that day, and he wanted me to drink with him, and I refused to drink with him; that was early in the morning; I did not see him that evening, and I did not sell him any whisky that day or evening."

This court will not pass upon the weight of the evidence in jury trials in order to determine whether or not the defendant was guilty as charged. It was for the jury to judge of the weight of the evidence and the credibility of the witnesses.

Finding no material error in the record, the judgment is affirmed.

MATSON, P. J., and BESSEY, J., concur.